UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAREN SALISBURY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARTHUR E. HICKMAN, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01098 - LJO - JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Docs. 40, 42) |

Laren Salisbury ("Plaintiff") seeks sanctions against defendants Arthur Hickman, Jaqueline Hickman, Joseph Termini, and Umberto Crimini (collectively, "Defendants") for failure to comply with the Court's order to provide further discovery. (Docs. 40, 42). Defendants filed a belated opposition to the motion. For the reasons set forth below, Plaintiff's motion for sanctions is **GRANTED IN PART**.

**I.      Relevant Procedural History**

Laren Salisbury and Kim Downey initiated this action by filing a complaint on July 5, 20120. (Doc. 1). The Court entered its Scheduling Order on October 18, 2012, and ordered the parties "to complete all discovery, pertaining to non-experts and experts, on or before June 24, 2013."  (Doc. 18 at 2). In addition, the Court warned the parties that "[t]he provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced." *Id.*

On January 2, 2013, Plaintiff filed a motion to compel responses and/or further responses to Plaintiff's interrogatories and requests for production. (Doc. 28).  The Court held a mid-discovery status conference with the parties on January 11, 2013, and ordered Defendants' counsel to "use all reasonable efforts to produce the outstanding discovery as soon as possible."  (Doc. 32).  Because the parties failed to file a joint statement regarding the discovery dispute, Plaintiff's motion to compel was dropped from the Court's calendar pursuant to Local Rule 251(a).  (Doc. 33).

The parties filed a stipulation and proposed order for partial resolution of their motion to compel on January 25, 2013.  (Doc. 34).  Defendants stipulated that they would provide discovery, including the production of related documents, responding to the following requests:

- **Request No. 1**:  A complete copy of all tenant and/or resident files, *including the file covers*, as kept in the ordinary course of business, regarding each tenant and/or resident who has occupied any residential rental dwelling, including mobile home park spaces, at the Arrowhead Mobile Home Park at any time since January 1, 2005, including but not limited to a copy of all leases or rental agreements, applications, notices, rent receipts, security deposit refunds, eviction documents, complaints, notes, and communications.

- **Request No. 3**:  A complete copy of all writings or records reflecting applications, including applicant files, *including the file covers*, as kept in the ordinary course of business, for each person seeking to rent at any dwelling, including mobile home park spaces, at the Arrowhead Mobile Home Park at any time since January 1, 2005.

- **Request Nos. 4, 5**:  Each writing, record, or document that constitutes, describes, memorializes, or reflects advertisements, listing, or records of vacancies for rent at any dwelling, including mobile home park spaces, at the Arrowhead Mobile Home Park at any time between January 1, 2005.[1]

- **Request No. 6**:  Each writing, record, or document that constitutes, reflects, memorializes, constitutes, or pertains to policies, procedures, and instructions of any resident manager or any other agent related to apartment rules, tenant rules, or tenancy regulations at any dwelling, including mobile home park spaces, at the Arrowhead Mobile Home Park at any time since January 1, 2005, including but not limited to written rules, policy manuals, handbooks, notices, notes, meeting minutes, memoranda, correspondence, diaries, appointment books, signs or calendars.

- **Request No. 9**:  A complete copy of all files, *including file covers*, as kept in the ordinary course of business, regarding the work performed by any person employed by any defendant in connection with the ownership, operation, or management of any rental dwelling, including mobile home park spaces, owned or managed by defendant since January 1, 2005

---

[1] In the stipulation of the parties, Plaintiff's First Request for Production of Request No. 5 is a duplicate of Request No. 4.  (Doc. 34 at 4).

2

In addition, Defendants asserted that further responses to Plaintiff's First Set of Interrogatories, Nos. 1, 2, 3, 4, 9 and 10 would be provided by February 14, 2013. (Doc. 34 at 5-10). Based upon the terms of the parties' stipulation, the Court ordered Defendants to "provide discovery as set forth in the Joint Application and Stipulation re Partial Resolution of Plaintiffs' Motion to Compel filed January 25, 2013 [Doc. 33], by February 14, 2013." (Doc. 37 at 2).

On February 20, 2013, Plaintiff filed a notice of a motion for sanctions for failure to comply with the Court's order.[2] (Doc. 40). Defendants filed objections to the notice on February 21, 2013, asserting the motion "was untimely and did not include a Memorandum of Points and Authorities." (Doc. 41 at 2). Plaintiff filed an amended notice on February 22, 2013 (Doc. 42), and filed the memorandum in support thereof on February 27, 2013. (Doc. 45). In the memorandum, Plaintiff reported that Defendants had provided some discovery on February 26, 2013 but that this was on a very limited topic. *Id*. at 4. Other than this, Plaintiff asserted that Defendants had failed to comply with the terms of the stipulation and the Court's order. *Id*. at 3-4. As a result, Plaintiff seeks sanctions including striking Defendants' answer, evidentiary sanctions prohibiting Defendants from denying they are vicariously liable for the alleged conduct of Umberto Crimi or entry of default against all Defendants.[3] *Id*. at 7.

On March 8, 2013, Defendants filed their opposition to the instant motion. (Doc. 47). In doing so, they report that at the time of the making of the stipulation, they sought a deadline at the end of February to provide the additional discovery. *Id*. at 2. However, Plaintiff insisted on a response date of February 14, 2013. *Id*. Defendants felt that this shortened deadline was not realistic but assumed that they would be allowed additional time to respond and did not respond by February 14. *Id*. Instead, on February 26, 2013, Defendants produced all of the tenant files. *Id*. Then, on March 8, 2013, Defendants provided "two banker's boxes" of documents to Plaintiff. *Id*. On this same date, Defendants provided verified responses to the interrogatories. *Id*. at 3. Counsel explains that the delay in producing the documents was concern held by Defendants about disclosing files that contain

---

[2] Plaintiff did not file a supporting memorandum until after the amended notice of motion was filed.

[3] Notably, of course, striking the answer would be a prerequisite to entering default.

tenants' personal and financial information.[4] *Id*. Thus, counsel requests that no sanctions be imposed.

On March 12, 2013, Plaintiff filed a reply of sorts. (Doc. 48). In it, Plaintiff admits that Defendants have provided responses to the discovery, though some was not provided until March 11, 2013. *Id*. Though Plaintiffs seems to complain that some documents provided are not responsive or are not complete, clearly, they have not yet discussed this with Defendants' counsel to ascertain whether there are responsive documents or more complete information available.

## II.  Imposition of Sanctions

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "Just orders" may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceedings in whole or in part;

(vi) rending a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Here, Plaintiff requests Defendants' answer be stricken for their failure to comply with the

---

[4] Defendants do not explain why they did not seek a protective order or an agreement of counsel that identifiers like social security numbers, driver's license numbers and the like and financial information be redacted.

Court's order to provide the discovery agreed upon by the parties. (Doc. 45 at 4). The Ninth Circuit observed, "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith"). The Court is obligated to impose lesser sanctions than dismissal, if feasible. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir.1986) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.").

### III.     Discussion and Analysis

The Court must consider the following factors in its evaluation of whether to impose a case-dispositive sanction pursuant to Rule 37(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096; *accord Computer Task Group*, 364 F.3d at 1115.

The Ninth Circuit explained: "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Consequently, here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of terminating sanctions, because Defendants' refusal to comply with their discovery obligations—even after agreeing to do so and when ordered by the Court—has consumed scare judicial time and resources.

As to the risk of prejudice, Plaintiff asserts that "the information sought is critically important to Plaintiff's trial preparation." (Doc. 45 at 5). According to Plaintiff, the discovery responses will provide the identity of witnesses and "documents regarding defendants' employment of Umberto

Crimini, the perpetrator of the sexual harassment alleged by plaintiff." *Id.* Plaintiff asserts the lack of information "will make it difficult . . . to comply with the exiting litigation schedule, including the discovery cutoff of June 24, 2013, and the filing date for non-dispositive motions of July 1, 2013. *Id.* at 6. The Ninth Circuit has determined that a party's "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice" to support the issuance of sanctions. *Adriana Int'l Corp.*, 913 F.2d at 1412 (citing *Securities & Exch. Comm'n. v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982)); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (prejudice results when a party's refusal to provide documents forces the other party to rely on incomplete and spotty evidence at trial). However, here, the Court is hard-pressed to believe that the delay in production of a few weeks has worked any significant hardship on Plaintiff. Indeed, three months still remain within which to conduct discovery. (Doc. 18) Moreover, the fact that Plaintiff may not be fully able to participate in a settlement conference set for later this month is easily remedied by delaying this conference until all of the parties are ready to discuss settlement, if they ever are. Thus, the Court concludes that the severe sanction of striking Defendants' answer is not warranted.[5]

Nevertheless, production of this discovery occurred only after Plaintiff filed this motion and this production occurred after the date ordered by the Court.[6] Thus, sanctions are appropriate in this matter. The Supreme Court explained: "Rule 37(b)(2) contains two standards – one general and one specific – that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). Further, the Ninth Circuit opined that "[w]hat is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097.

---

[5] Nevertheless, Defendants are admonished the Court will not tolerate Defendants further refusal to cooperate fully with discovery whether this is due to a misguided understanding of their obligations toward discovery.

[6] However, at the hearing, it was clear that there still may be documents missing. Therefore, Mr. Braze **SHALL** confirm with Mr. Termini that there are no other responsive documents to Request for Production Nos. 5, 6, 9, 10 and provide any further documents or notify Plaintiff counsel there are no other documents, by 3/22/2013. By this same date, Mr. Braze **SHALL** clarify with Plaintiff's counsel on whose behalf the document production was made.

Here, although delay has occurred in the discovery of this case, several months remain in the discovery period, and Defendants' compliance with the Court's order to produce discovery has not obstructed resolution of the case on its merits. *See In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996). Consequently, the Court finds it appropriate to issue monetary sanctions rather that terminating sanctions. No later than March 15, 2013, Plaintiff SHALL file counsel's declaration reciting the costs and fees incurred in bringing this motion. No later than March 22, 2013, counsel for Defendants SHALL file any brief in opposition.

### IV. Conclusion and Order

Based upon the foregoing, the Court finds the factors set forth by the Ninth Circuit do not weigh in favor of terminating sanctions at this time. However, the Court is acting within its discretion to issue lesser sanctions for Defendants' failure to provide discovery in compliance with the Court's order. *See Wyle*, 709 F.2d at 589; *Nat'l Hockey League*, 427 U.S. at 643. Defendants are cautioned that continued failure to participate in the discovery process may result in terminating sanctions. *See* Fed R. Civ. P. 37(b)(2)(A)(v); *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for terminating sanctions is **DENIED**;
2. No later than March 15, 2013, Plaintiff **SHALL** file counsel's declaration reciting the costs and fees incurred in bringing this motion. No later than March 22, 2013, counsel for Defendants may file a brief in opposition;
3. The Court reserves the issue of the amount of sanctions to be imposed until after briefs have been filed.

IT IS SO ORDERED.

Dated:   **March 18, 2013**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE