UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAREN SALISBURY, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>ARTHUR E. HICKMAN, et al.,<br><br>      Defendants. | Case No.: 1:11-cv-01098 - LJO - JLT<br><br>ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANTS |

Laren Salisbury ("Plaintiff") seeks sanctions against defendants Arthur Hickman, Jaqueline Hickman, Joseph Termini, and Umberto Crimini (collectively, "Defendants") for failure to comply with the Court's order to provide further discovery. (Docs. 40, 42). On March 18, 2013, the Court granted Plaintiff's request for sanctions in part, finding monetary sanctions were appropriate. (Doc. 51 at 7).

In accordance with the Court's order, Plaintiff's counsel file a declaration reciting the costs and fees incurred (Doc. 50), to which Defendants filed a brief in opposition (Doc. 54). For the reasons set forth below, the Court will award sanctions in the amount of $1,202.50.

**I.     Imposition of Sanctions**

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). The Court must "order the disobedient party, the attorney advising that party, or both to pay

the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Thus, the Ninth Circuit explained Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Here, the Court has determined monetary sanctions are appropriate for Defendants' failure to comply with the Court's discovery order. (Doc. 51). Accordingly, the only issue remaining is the amount of sanctions to be imposed against Defendants. In determining the amount of monetary sanctions, the Court must be guided by a standard of reasonableness. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). The Ninth Circuit explained that recovery should not exceed "those expenses and fees that were reasonably necessary to resist the offending action." *In re Yagman*, 796 F.2d 1165, 1185, *amended by* 803 F.2d 1085 (9th Cir. 1986).

### III. Discussion and Analysis

The Ninth Circuit utilizes a "lodestar" method to compute reasonable attorneys' fees, which represents the number of hours reasonable expended multiplied by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). Adjustments from the lodestar are proper only in "rare" and "exceptional" cases, and must be supported by specific evidence in the record. *Jordan*, 815 F.2d at 1262.

#### A. Time expended by counsel

The Court ordered Plaintiff's counsel to submit a declaration of the attorneys' fees incurred as a result of having to bring the motion for sanctions. (Doc. 49). In accordance with the Court's order, Mark Roy submitted a declaration, asserting he "spent 6.7 hours in preparing the motion for sanctions and in preparing for and appearing at the hearing." (Roy Decl. ¶ 3). Specifically, Mr. Roy seeks fees for the following time:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 2/25/13 | Review, revise memorandum in support of motion | 0.6 |
| 2/26/13 | Additional research and revisions to memorandum in support of decision | 0.8 |
| 3/8/13 | Review defendants' opposition to motion | 0.3 |

| | | |
|---|---|---|
| 3/10/13 | Review discovery produced by defendants on 3/8/13 and prepare for hearing on motion | 1.0 |
| 3/11/13 | Prepare for hearing on motion | 1.0 |
| 3/12/13 | Additional review of discovery produced by defendants on 3/8/13 and of plaintiff's statement re status of discovery in dispute | 1.0 |
| 3/13/13 | Preparation of appearance at hearing on motion for sanctions | 2.0 |

(Roy Decl. ¶ 3). Further, Mr. Roy asserted he "was assisted by GLBA Fair Housing Law Project staff attorney Erica S. Fessler," who spent 1.9 hours to the motion, including 1.5 drafting the memorandum on February 22, 2013, and 0.4 hours reviewing and revising memorandum on February 26, 2013. (*Id.* at ¶¶ 5-6). Accordingly, Plaintiff's counsel seek attorney fees for a total of 8.6 hours in conjunction with the motion for sanctions.

Defendants opposed the request for fees by filing a declaration of James Braze. (Doc. 54). According to Mr. Braze, "the time spent by Attorney Fessler should be enough to prepare the motion." (Braze Decl. ¶ 9). He argues that "the dates of the work performed did not correspond with the court's records." (*Id.*) Specifically, Mr. Braze notes:

> The court's records indicate that motions for sanctions were filed on February 20, 2013 and February 22, 2013. Attorney Fessler is charging 1.9 hours for time spent February 22, 2013 and February 26, 2013. Attorney Roy is charging 1.4 hours for time spent on February 25, 2013 and February 26, 2013.

(*Id*.) Thus, Defendants contend: "If the Court is to award monetary sanctions, it should consider that the declaration of counsel does not accurately reflect the work done in this case based on the court's records." (Braze Decl. ¶ 13). In addition, Defendants urge the Court to "reduce the award of monetary sanctions for duplicative work and work not required to file this motion." (*Id.*)

Notably, Plaintiffs did not file the motions for sanctions on February 20 and 22 as Mr. Braze argues, but rather filed only the *Notice* of Motion (Doc. 40) an Amended Notice of Motion (Doc. 42). The memorandum in support of the motion was not filed until February 27, 2013. (Doc. 45). Thus, there are not inconsistencies with the dates upon which work was performed and the dates upon which documents were filed with the Court. However, the time expended by counsel to review the discovery provided by Defendant is irrelevant to the motion for sanctions, because review of the documents was required whether the motion for sanctions was filed. Accordingly, time will be reduced by 2.0 hours. Further, the time expended by Mrs. Fessler to "[r]eview and revise memorandum in support of [the]

motion" on February 26, 2013, should not be awarded, given that Mr. Roy also spent 0.8 hours for "[a]dditional research and revisions" on February 26, 2013. Thus, the number of hours reasonably expended by Plaintiff's counsel in conjunction with the motion for sanctions totals 6.2 hours.

### B. Hourly rates requested

Mr. Roy asserts "[t]he current rate for GBLA supervising attorneys with [his] level of experience (5 years) is $200.00 per hour." (Roy Decl. ¶ 4). The rate for staff attorneys with Mrs. Fessler's level of experience is $175.00 per hour. (*Id.* at ¶ 7). Mr. Braze appears to believe that the $200.00 per hour fee is unreasonable because has "been practicing law for thirty-five (35) years and [his] hourly rate in this matter is One Hundred Sixty-Five Dollars ($165.00)." (Braze Decl. ¶ 14). Therefore, Defendants assert any sanctions should be based on the $175- hourly rate of staff attorneys. (*Id.* at ¶ 15).

A reasonable hourly rate is one "in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan*, 815 F.2d at 1263. The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits. *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069 (E.D. Cal. 2011) (where a case is tried in the Eastern District of California, Fresno Division, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate"). The Court's review of attorney fee awards in this District with comparable experience demonstrates the fee request for Mr. Roy is reasonable. *See, e.g., Foster Poultry Farms, Inc. v. Suntrust Bank*, 2005 WL 2089813 (E.D. Cal. 2005) (concluding that $250 per hour was "an average prevailing billing rate in the Fresno area for associates out of law school less than five (5) years"). Accordingly, the hourly rates asserted by Mr. Roy and Ms. Fessler are reasonable.

### IV. Conclusion and Order

Based upon the foregoing, the Court finds monetary sanctions in the amount of $1,202.50. This amount represents 4.7 hours of Mr. Roy's time at the rate of $200 per hour, and 1.5 hours of Mrs. Fessler's time at the rate of $175 per hour. These sanctions are imposed on Defendants only for their failure to provide discovery in compliance with the Court's order, and their counsel. Once again, Defendants are cautioned that continued failure to participate in the discovery process may result in

terminating sanctions. *See* Fed R. Civ. P. 37(b)(2)(A)(v); *Valley Engineers, Inc. v. Electric Engin. Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Monetary sanctions in the amount of **$1,202.50** are imposed against Defendants; and
2. This amount SHALL be paid to Plaintiff's counsel on or before April 22, 2013.

IT IS SO ORDERED.

Dated: **April 1, 2013**          **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE