James J. Braze, Esq.; SBN 75911
Gail Stimmell Braze Esq.; SBN 143170
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Bakersfield, CA 93309
Telephone: (661) 322-3051
Facsimile: (661) 322-4628
E-mail: jbraze@bortonpetrini.com

Attorneys for defendants, Arthur E. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Jaqueline D. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Joseph Termini, individually and dba Charter Realty and Property Management; and Umberto Crimi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAREN SALISBURY and KIM DOWNEY,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR E. HICKMAN, individually and as trustee of the Hickman Family Trust Dated 09-22-90; JAQUELINE D. HICKMAN, individually and as trustee of the Hickman Family Trust Dated 09-22-90; JOSEPH TERMINI, individually and dba CHARTER REALTY AND PROPERTY MANAGEMENT; and UMBERTO CRIMI,<br><br>Defendants. | Case No. 1:12-CV-01098 LJO-JLT<br><br>NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING PSYCHOLOGICAL EXAMINATION OF PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES J. BRAZE<br><br>DATE: August 16, 2013<br>TIME: 9:30 a.m.<br>ROOM: JLT<br><br>TRIAL: December 10, 2013 |

PLEASE TAKE NOTICE that on August 16, 2013, at 9:30 a.m., defendants, Arthur E. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Jaqueline D. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Joseph Termini, individually and dba Charter Realty and Property Management; and, Umberto Crimi, will and do move the Honorable Jennifer L. Thurston, U.S. Magistrate Judge for the Eastern District of California, for issuance of an Order compelling the psychological examination of plaintiff, Laren Salisbury. Said examination is to be conducted by Randall Epperson, Ph.D., the Damrell Building, 1601 I Street, Suite 440, Modesto, California 95340. Said examination to be conducted at the law firm of Borton Petrini,

LLP, 5060 California Avenue, Suite 700, Bakersfield, California 93309.

This motion is made pursuant to Federal Rules of Civil Procedure § 35(a) on the grounds that plaintiff's psychological condition is in controversy and good cause exists for a psychological evaluation.

Dated: July 19, 2013

Respectfully submitted,
BORTON PETRINI, LLP

By   //S// James J. Braze
James J. Braze, Attorneys for defendants, Arthur E. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Jaqueline D. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Joseph Termini, individually and dba Charter Realty and Property Management; and Umberto Crimi

h:\public\0548
30\067082
salisbury v.
hickman\pleadi
ngs\mot

2

NOT OF MOT AND MOTION FOR ORDER COMPELLING PSYCHOLOGICAL EXAMINATION OF PLAINTIFF

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PSYCHOLOGICAL EVALUATION

Defendants, Arthur E. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Jaqueline D. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Joseph Termini, individually and dba Charter Realty and Property Management; and Umberto Crimi, respectfully submit this Memorandum of Points Authorities in support of their Motion for an Order compelling a psychological examination of plaintiff, Laren Salisbury.

## FACTUAL AND LEGAL BACKGROUND

The deposition of plaintiff, Laren Salisbury, was taken on April 30, 2013. Similarly, plaintiff, Laren Salisbury's, Amended Responses to Defendant's First Set of Interrogatories was received on April 30, 2013.

Plaintiff, in her responses to interrogatories, indicates that she has not consulted any healthcare providers as a result of the conduct of the defendants and that the only economic damages that she has sustained relate to the loss of the use or the enjoyment of her home.

Interrogatory number 6 asks, "Do you attribute any physical, mental or emotional injuries to the INCIDENT?" Plaintiff's response to this interrogatory was, "Yes." Interrogatory number 7 asks plaintiff to, "Identify each injury you attribute to the INCIDENT and the areas of your body affected." Plaintiff's response was, "Fear, anxiety, nervousness, hopelessness, intimidation, worry, loss of sleep, weakness, little appetite, gastrointestinal problems (sick stomach, constipation, nausea)."

Interrogatory number 8 asks, "Do you still have any complaints that you attribute to the INCIDENT?"

Plaintiff's response to interrogatory number 8 was, "Yes. (a) fear, anxiety, nervousness, hopelessness, intimidation, worry, loss of sleep, weakness, little appetite, gastrointestinal problems (sick stomach, constipation, nausea)." Plaintiff also states that the, "Fear, anxiety, nervousness, and nausea escalate whenever Ms. Salisbury sees defendant Crimi, when Ms. Salisbury is outside, and after dark."

Plaintiff claims that she is unable to leave her residence as a result of continuing emotional distress. Plaintiff denies any medical treatment for any of these complaints. Therefore, plaintiff has placed her emotional and mental condition in controversy, and good cause exists for the

examination.

## ARGUMENT

### I

### PLAINTIFF HAS PLACED HER EMOTIONAL CONDITION IN CONTROVERSY AND GOOD CAUSE EXISTS FOR AN ORDER COMPELLING EVALUATION.

The burden is on the moving party to show that the examinee's condition is "in controversy" and that "good cause" exists for compelling his or her examination. [In re Certain Asbestos Cases (ND TX 1986) 113 FRD 612, 614.]

Plaintiff contends that the conduct of defendant Crimi constituted sexual harassment of such a magnitude that it constitutes sexual discrimination in violation of the Federal Fair Housing Act (FHA). In applying the FHA, the Court is guided by the interpretations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. See Gamble v. City of Escondido, 104 F.3d 300, 304 (9th Cir., 1977). The Court determines whether an environment is sufficiently hostile or abusive by "looking at all the circumstances, including the frequency of the discriminatory conduct; at severity; whether it is physically threatening, or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with work performance," or as here, a tenant's living conditions. (Kortan v. California Youth Authority, 217 F.3d 1104, 1110 (9th Cir., 2000)). If a review of the record establishes that the conduct at issue occurred only occasionally and was not severe, physically threatening or humiliating, then the claim of sexual harassment will not rise to the level of discrimination under the FHA.

### II

### GOOD CAUSE EXITS TO REQUIRE A PSYCHOLOGICAL EVALUATION.

"A court order for a physical or mental examination must be based on a showing of "good cause." [FRCP 35(a)(2)(A)] "Good cause" generally requires a showing of specific facts justifying discovery—i.e., allegations showing the need for the information sought and lack of means for obtaining it elsewhere. [Schlagenhauf v. Holder (1964) 379 US 104, 114–122, 85 S.Ct. 234, 240–245; and see Marroni v. Matey (ED PA 1979) 82 FRD 371, 372]" CAFEDCIVP CH. 11(IV)-E.

"In a diversity personal injury suit, defendant showed "good cause" for physical examination because plaintiff's personal physician indicated in deposition that plaintiff continued to suffer as a result of her injury, making further examination both relevant and justified. [Shapiro v. Win-Sum Ski Corp. (WD NY 1982) 95 FRD 38]" CAFEDCIVP CH. 11(IV)-E.

### A.    Good Cause Exists.

As in *Shapiro,* plaintiff in this case claims that she continues to suffer as a result of her injury. Thus evaluation is both relevant and justified.

"Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant for good cause for examination to determine the existence and the extent of such injury." (Schlagenhauf v. Holder, 379 U.S. 104, 119 (1963)).

In this case, by her answers to interrogatories and deposition testimony, plaintiff clearly states that the only injury she suffered was an emotional or mental injury and that injury is continuing to date. There are no physical injuries alleged and no medical treatment indicated. Therefore, the only way for defendant to evaluate plaintiff's alleged emotional injuries is by having a psychological evaluation conducted.

### B.    Plaintiff Has Placed Her Psychological Condition in Controversy.

This means the specific injury or condition that is the subject of the litigation. The examination must be directly related thereto. [Robinson v. Jacksonville Shipyards, Inc. (MD FL 1988) 118 FRD 525, 531.]

Plaintiff puts her mental or physical condition "in controversy" by claiming injury thereto resulting from defendant's acts. [Schlagenhauf v. Holder (1964) 379 US 104, 119, 85 S.Ct. 234, 243.]

Courts have held that a claim of emotional distress as a component of damages is enough by itself to put a plaintiff's mental condition "in controversy" within the meaning of Rule 35(a)(1). [Jansen v. Packaging Corp. of America (ND IL 1994) 158 FRD 409, 410—employee claimed ongoing emotional distress attributable to sexual harassment and retaliation by former supervisor; Nuskey v. Lambright (D DC 2008) 251 FRD 3, 7–8.]

Most courts, however, require some additional element to place plaintiff's mental condition "in controversy": e.g., a separate cause of action for infliction of emotional distress; or allegations of unusually severe emotional distress; or a claim of some specific mental or psychiatric injury resulting from such distress; or plaintiff's designating an expert witness to testify to such distress. [See Turner v. Imperial Stores (SD CA 1995) 161 FRD 89, 92–97; Bowen v. Parking Authority of City of Camden (D NJ 2003) 214 FRD 188, 194; and Robertson v. Bair (D DC 2007) 242 FRD 130, 136–138] CAFEDCIVP CH. 11(IV)-E.

Here, plaintiff claims injury and damages, not from any physical contact, but from psychological injury. She claims continuing emotional damage and is seeking significant damages as a result.

## CONCLUSION

Based on the foregoing, defendants have shown that plaintiff has placed her psychological condition "in controversy" and "good cause exists" for such an evaluation. Defendants respectfully request that the Court grant their Motion for an Order allowing a psychological evaluation of the plaintiff.

Dated:  July 19, 2013

> Respectfully submitted,
> BORTON PETRINI, LLP
>
> By___//S// James J. Braze____
> James J. Braze, Attorneys for defendants, Arthur E. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Jaqueline D. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Joseph Termini, individually and dba Charter Realty and Property Management; and Umberto Crimi

## DECLARATION OF JAMES J. BRAZE

I, James. J. Braze, hereby declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and the United States District Court for the Eastern District of California. I am partner in the law firm of Borton Petrini, LLP, counsel of record for defendants, Arthur E. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Jaqueline D. Hickman, individually and as Trustee of The Hickman Family Trust Dated 09-22-90; Joseph Termini, individually and dba Charter Realty and Property Management; and, Umberto Crimi, in the above captioned matter.

2. This declaration is made in support of defendants' Motion for an Order Compelling the Psychological Examination of plaintiff.

3. Attached hereto as Exhibit "A" is Plaintiff's Amended Responses to Defendants' First Set of Interrogatories. Plaintiff's responses to interrogatories number 7, 8, and 13 indicate that plaintiff has only suffered emotional or psychological injuries, which she describes as "fear, anxiety, nervousness, hopelessness, intimidation, worry, loss of sleep, weakness, gastrointestinal problems (sick stomach, constipation, nausea)." She also claims that these injuries still exist and are continuing.

4. I took the deposition of plaintiff, Laren Salisbury, on April 30, 2013. She testified in accordance with her answers to interrogatories that she did not suffer any physical injury, that she suffered only emotional and psychological injuries, and that she had no medical treatment whatsoever for these complaints.

5. Attached hereto as Exhibit "B" is true and correct portions of the deposition of plaintiff.

6. Plaintiff claims that the defendant, Bert Crimi, did not touch her inappropriately but that his conduct constitutes "sexual harassment" of such a magnitude that it constitutes "sexual discrimination" in housing

7. Plaintiff claims that her emotional distress continues to this date and that she fears to step outside her mobile home.

8. As such, plaintiff has placed her psychological and mental condition in controversy, and good cause exists for this psychological evaluation.

9. I asked plaintiff counsel if he would stipulate to such an examination, but I have not received a response.

10. We request that the examination be conducted by Randall C. Epperson, Ph.D., clinical psychologist, whose address is 1601 I Street, Suite 440, Modesto, California 95354. Dr. Epperson holds a doctorate degree in clinical psychology and is Board certified by the American Board of Professional Psychology, the American Board of Clinical Psychology, and the American Board of Professional Neuropsychology.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of July, 2013, at Bakersfield, California.

　　　　　　　　　　　　　　　　　　　　　//S// James J. Braze
　　　　　　　　　　　　　　　　　　　　　James J. Braze, Declarant

8

NOT OF MOT AND MOTION FOR ORDER COMPELLING PSYCHOLOGICAL EXAMINATION OF PLAINTIFF

**PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015.5)**

STATE OF CALIFORNIA, COUNTY OF KERN

I am employed in the County of KERN, State of California. I am over the age of 18 and not a party to the within action; my business address is Borton Petrini, LLP, 5060 California Avenue, Suite 700, Bakersfield, California 93309.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on July 19, 2013, I served by email via the Court's ECF system a copy of the attached document, entitled **NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING PSYCHOLOGICAL EXAMINATION OF PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES J. BRAZE** upon the following attorneys:

| | |
|---|---|
| Mark A. Roy<br>Alfred R. Hernandez<br>Greater Bakersfield Legal Assistance, Inc.<br>615 California Avenue<br>Bakersfield, CA 93304 | Telephone: (661) 334-4679<br>Facsimile: (661) 325-4482<br>Counsel for: Plaintiffs Lauren Salisbury and Kim Downey |
| Christopher Brancart<br>Elizabeth Brancart<br>Brancart & Brancart<br>PO Box 686<br>Pescardero, CA 94060 | Telephone: (650) 879-0141<br>Facsimile: (650) 879-1103<br>Counsel for: Plaintiffs Lauren Salisbury and Kim Downey |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 19, 2013, at BAKERSFIELD, California.

| | |
|---|---|
| **Althea Nicholson**<br>Type or Print Name | //S// Althea Nicholson<br>Signature |