UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAREN SALISBURY, et al., | Case No.: 1:12-cv-01098 - LJO - JLT |
| Plaintiffs, | ORDER VACATING THE HEARING DATE OF AUGUST 16, 2013 |
| v. | |
| ARTHUR E. HICKMAN, et al., | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES AND FURTHER RESPONSES TO DISCOVERY (Doc. 67) |
| Defendants. | |

Laren Salisbury ("Plaintiff") seeks to compel responses to interrogatories and requests for production served upon defendants Arthur Hickman, Joseph Termini, and Umberto Crimi. (Doc. 67). On July 26, 2013, the Court held an informal telephonic conference with the parties, during which many discovery issues were resolved. (Docs. 72, 78). The parties filed a Joint Statement on August 8, 2013, narrowing the issues pending before the Court related to Plaintiff's motion. (Doc. 79).

Because the Court finds the matter suitable for decision without oral argument, the hearing date of August 13, 2013 is **VACATED** pursuant to Local Rule 230(g). For the following reasons, Plaintiff's motion to compel is **GRANTED**.

**I.     Factual and Procedural History**

Plaintiff initiated this action by filing a complaint against Arthur Hickman, individually and as trustee of the Hickman Family Trust; Jaqueline Hickman, individually and as trustee of the Hickman Family Trust; Joseph Termini, individually and doing business as charter Realty and Property

1

Management; and Umberto Crimini on July 5, 20120. (Doc. 1).[1] Plaintiff alleges she "has resided in a mobile home space at Arrowhead Mobile Home Park, located in Ridgecrest California." *Id.* at 2. She asserts Umberto Crimi, the park manager, sexually harassed her during her residency at the mobile home park. *Id.* at 2-3. In March 2012, Plaintiff reported the conduct of Mr. Crimi to the Ridgecrest Police Department, and in April 2012, "the Kern County Superior Court issued a permanent restraining order on her behalf against Mr. Crimi." *Id.* at 7.

According to Plaintiff, Arthur and Jaqueline Hickman, "husband and wife, are each a trustee of the Hickman Family Trust…, which owns the Arrowhead Mobile Home Park." (Doc. 1 at 3). She alleges Joseph Termini is the proprietor of Charter Realty and Property Management, and manages the mobile home park, "acting under the direction and for the benefit of the Hickman Trust." *Id.* Plaintiff alleges that "Defendants, acting through their agent, defendant Umberto Crimini," have committed several discriminatory housing practices, including:

a. Creating a hostile living environment for female tenants because of sex;

b. Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling, because of sex;

c. Making statements indicating a limitation, preference, or discrimination, or the intent to discriminate, based on sex;

d. Threatening, intimidating, or interfering with female tenants in their enjoyment of dwellings because of sex;

e. Coercing female tenants, either orally or in writing, or by other means, to deny or limit the benefits provided those persons in connection with the rental of a dwelling because of sex;

f. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith; and,

g. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable person would consider intimidating, hostile, offensive, or otherwise making the tenancy significantly less desirable, in connection with the rental of a dwelling or the provision of benefits or services in connection therewith.

---

[1] Originally, Kim Downey was a co-plaintiff in this action. (Doc. 1). However, Ms. Downey accepted an offer of settlement pursuant to Fed. R. Civ. P. 68 (Doc. 26) and her claims were terminated. (Doc. 60).

2

(Doc. 1 at 3-4).  For these acts, Plaintiff contends Defendants are liable for violations of the Fair Housing Act, 42 U.S.C. § 3601; California's Fair Employment and Housing Act, Cal. Gov't Code § 12927, 12955; California Unruh Civil Rights Act, Cal. Civ. Code §§51-52; negligence; breach of the covenant of quiet use and enjoyment, as provided in Cal. Civ. Code §§ 1927 and 1940.2; and unlawful entry in violation of Cal. Civ. Code §§ 1940.2 and 1954.  *Id.* at 8-9.

Plaintiff served her first set of interrogatories and request for production of documents on September 27, 2012.  (Doc. 79 at 2).  Plaintiff requested financial information for the purpose of determining the net worth of Defendants.  (*See* Doc. 79 at 6-7).  Defendants opposed the requests, in part on the grounds that such information was not relevant or and "not discoverable pursuant to California Civil Code section 3295."  *Id.*  Plaintiff filed the motion to compel further responses now before the Court on July 17, 2013.[2]

**II.     Scope of Discovery**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence.  Rule 26(b) provides:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Further, relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978).

///

---

[2] The parties report the only remaining issues related to this motion concern Plaintiff's requests "for net worth and financial information from defendants." (Doc. 79 at 4). Accordingly, it appears any other disputes have been resolved since the filing of the motion.

3

### III. Discovery Requests and Responses

#### A. Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

Any grounds of an objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled for failure to "particularize" the basis for objection); *Mitchell v. AMTRAK*, 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how an interrogatory is overbroad or unduly burdensome).

#### B. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B).

If a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578 at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

### IV.    Discussion and Analysis

In this action, the disputed discovery requests concern the interrogatories and requests concerning Defendants' personal financial information and net worth. (Doc. 79 at 6). Specifically, Plaintiff served the following interrogatories and requests for production:

> Interrogatory No. 5 to Hickman and Termini: State the current net worth of each defendant, listing all assets and liabilities in excess of $1,000 in value.
>
> Request for Production No. 15 to Hickman, Termini and Crimi: A copy of each net worth or financial statement prepared by or on behalf of any defendant at any time since January 1, 2007, including but not limited to any loan applications, credit applications, or refinancing applications.

<u>Request for Production No. 16 to Hickman, Termini and Crimi</u>: A copy of all appraisals conducted at any time since January 1, 2007 of all real property held in part or in full by any defendant.

<u>Request for Production No. 17 to Hickman, Termini and Crimi</u>: A copy of all most recent year-end statements reflecting the account number and balance of accounts held by any defendant, including savings, checking, annuities, or mutual, stock, bond funds, or any other financial accounts.

(Doc. 79 at 8). Defendants oppose the discovery of these requests, asserting their "financial records are not relevant to any claim or defense" and the financial information is not discoverable under California evidence law. *Id.* at 11-13 (emphasis omitted).

### A.   Defendants' financial information is within the scope of discovery.

Although Defendants object on relevancy grounds, this Court has determined previously that a defendant's "financial information is relevant to [a] plaintiff's claim for punitive damages and within the scope of permissible discovery." *Fair Hous. Council of Cent. Cal., Inc. v. Nunez*, 2011 U.S. Dist. LEXIS 127389, at *5-6 (E.D. Cal. Nov. 3, 2011) (citing Fed. R. Civ. P. 26(b)(1)). Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," a majority of federal courts, including this one, do not require the plaintiff to make a prima facie showing that punitive damages may be recovered "to discover information relating to the defendant's financial condition in advance of trial." *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009). Consequently, the information Plaintiff seeks through these discovery requests to determine Defendants' net worth is relevant and within the scope of discovery.

### B.   California law does not preclude the discovery requested.

According to Defendants, "Under California law evidence of [their] financial condition is not discoverable." (Doc. 79 at 13) (emphasis omitted). Defendants contend Plaintiff must establish a prima facie case of liability for putative damages prior to obtaining evidence of the defendants' financial condition. *Id.* at 14 (citing Cal. Civ. Code § 3295). According to Defendants, Plaintiff is unable to do so in this action, and as such the requested information should not be produced.

As Defendants argue, a prima facie showing of an entitlement to punitive damages is required under California law. Specifically, Cal. Civ. Code § 3295 provides in relevant part:

> No pretrial discovery by the plaintiff shall be permitted with respect to the evidence [of a defendant's profits gained by virtue of its wrongdoing or its financial condition] unless the court enters an order permitting such discovery pursuant to this subdivision... . Upon motion by the plaintiff supported by appropriate affidavits..., the court may at any time enter an order permitting the discovery otherwise prohibited by this subdivision if the court finds, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the [punitive damages] claim.

Accordingly, California requires a trial court to "consider the advisability of requiring a prima facie showing into the right to punitive damages." *Cobb v. Superior Court*, 99 Cal. App. 3d 543, 550 (1979).

Significantly, however, "discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant." *Wilson v. Kauai Restaurants, Inc.*, 2013 U.S. Dist. LEXIS 22407 at *4, 2013 WL 619151 at *1 (E.D. Cal Feb. 19, 2013) (quoting *American Ben. Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (D.C. Okl. 1978); *see also CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491, 498 (D.R.I. 1994) ("[D]iscovery is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure. Thus, state discovery practices are usually irrelevant."). *Id.* Section 3925 "is a state discovery and procedural law," which "establishes a discovery scheme fundamentally inconsistent with the discovery rules under the Federal Rules of Civl Procedure. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998); *see also Hamm v. American Home Products Corp.*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995) (finding subpart "d" of Section 3925 is a procedural law conflicting with Fed. R. Civ. P. 42(b)). Consequently, California's discovery rules do not preclude the discovery of Defendants' financial information.

Moreover, "a majority of federal courts permit discovery of financial information about the defendant without requiring [the] plaintiff to establish a *prima facie* case on the issue of damages." *EEOC*, 258 F.R.D. at 394-95; *CEH, Inc.*, 153 F.R.D. at 498 (citing, *e.g.*, *Fretz v. Keltner*, 109 F.R.D. 303, 310-11 (D.Kan. 1986); *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 329-30 (D.Mont. 1988); *In re Bergeson*, 112 F.R.D. 692, 696 (D.Mont. 1986); *St. Joseph Hospital v. INA Underwriters Ins. Co.*, 117 F.R.D. 24, 25-26 (D.Me. 1987); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D.Pa. 1979); *American Ben. Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (W.D.Okla. 1978)). Because "[t]he discovery of financial information [is] relevant to a punitive damages claim," it is permissible under the Federal Rules of Civil Procedure without a prima facie showing by Plaintiff. *Oakes,* 179 F.R.D. at 286.

1   Accordingly, Defendants' objections on the grounds that the information sought is "not
2   discoverable pursuant to California Civil Code section 3295" are **OVERRULED**.

3   **C.   Defendants' right to privacy does not preclude disclosure of financial information.**

4   Defendants contend the Court "should attempt to accommodate state privilege in federal
5   question cases unless doing so would impair assertion of federal right." (Doc. 79 at 12) (citing
6   CAFEDCIVP CH. 11(III)-B). Defendants assert "the right to privacy is determined under state law."
7   *Id.* at 12 (emphasis omitted). Seemingly, Defendants conclude—without arguing as such—California
8   law precludes the disclosure of the financial information requested by Plaintiffs.

9   Previously, this Court has determined the right to privacy under California law "extends to
10  financial privacy in litigation, but . . . is subject to balancing the needs of the litigation with the
11  sensitivity of the information/records sought." *Davis v. Leal*, 43 F.Supp.2d 1102, 1110 (E.D. Cal. 1999)
12  (quoting *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 657 (1975)). Notably, a party's
13  interest in the congeniality of financial information may be adequately addressed via a protected order.
14  *Oakes*, 179 F.R.D. at 284; *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 38 (1994) (privacy
15  concerns "are assuaged if intrusion is limited and confidential information is carefully shielded from
16  disclosure except to those who have a legitimate need to know"). As Plaintiff notes, the Court entered
17  a protective order in this action on November 5, 2012. (Doc. 25). Accordingly, Defendants' objections
18  on privacy grounds are **OVERRULED**.

19  **D.   Defendant's remaining, boilerplate objections are waived.**

20  Defendants object to the requests for production of documents, asserting the requests are
21  "vague and ambiguous, overly broad, burdensome and oppressive." (Doc. 79 at 6-7). When a party
22  resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden
23  of clarifying, explaining, and supporting its objections." *Oakes*, 189 F.R.D at 283 (citing *Nestle Food
24  Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)); *Mitchell*, 208 F.R.D. at 458, n.4
25  (objections must explain how an interrogatory is overbroad or unduly burdensome). It follows that,
26  where a party has the burden to demonstrate the vagueness or ambiguity by setting forth specific facts
27  in support of its objection. *See id*; *see also Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 298
28

(E.D. Pa. 1980). Consequently, boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Here, Defendants have not explained how Plaintiff's discovery requests are "vague and ambiguous, overly broad, burdensome and oppressive." The Court will not "manufacture arguments" on behalf of Defendants. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Because Defendants have failed to carry their "burden of clarifying, explaining, and supporting [their] objections," the Court finds the objections, on these grounds, have been **WAIVED**.

### V.     Conclusion and Order

Defendants' financial information and net worth is relevant to Plaintiff's claim for punitive damages, and is within the scope of discovery pursuant to the Federal Rules of Civil Procedure.

Accordingly, **IT IS HEREBY ORDERED**:

1. The hearing date of August 16, 2013 is **VACATED**;
2. Plaintiff's motion to compel discovery is **GRANTED**;
3. Defendants Hickman and Termini **SHALL** respond to Interrogatory No. 5; and
4. Defendants **SHALL** produce any documents responsive to Requests for Production Nos. 15, 16, and 17 on or before September 13, 2013.

IT IS SO ORDERED.

Dated:   **August 14, 2013**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE