GREATER BAKERSFIELD LEGAL ASSISTANCE, INC.
Alfred Hernandez (SBN 192189)
Ahernandez@gbla.org
Mark A. Roy (SBN 255286)
mroy@gbla.org
615 California Ave.
Bakersfield, CA 93304
Tel: (661) 334-4679
Fax: (661) 325-4482

BRANCART & BRANCART
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
Elizabeth Brancart (SBN 122092)
ebrancart@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAREN SALISBURY and KIM DOWNEY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ARTHUR E. HICKMAN, etc., et al.,**<br><br>Defendants. | Case No. 1:12-CV-01098-LJO-JLT<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 BARRING EXAMINATION OR ARGUMENT THAT SALISBURY MADE UNREASONABLE COMPLAINTS NOT RELATED TO SEXUAL HARASSMENT**<br><br>**Hearing:**<br><br>Date: December 2, 2013<br>Time: 8:00 a.m.<br>Room: LJO |

Please take notice that on December 2, 2013, at 8:00 a.m., in Courtroom 4 of the Robert E. Coyle Federal Courthouse in Fresno, California, plaintiff will move the Honorable Lawrence J. O'Neill for a limine order barring defendants from inquiring, arguing, or presenting evidence that plaintiff Laren Salisbury made unreasonable complaints not related to sexual harassment to in connection with her residency at Arrowhead Mobile Home Park.

By this motion plaintiffs seek to exclude evidence and argument by defendants that plaintiff Laren Salisbury made unreasonable complaints during her residency at the Arrowhead Mobile Home Park ("Arrowhead"). Such evidence or argument is neither relevant nor proper in this case.

**I. Evidence or Argument That Plaintiff Laren Salisbury Made Unreasonable Complaints Not Related to Sexual Harassment Should Be Excluded.**

Defendants' witness list includes persons who are expected to testify that Ms. Salisbury made unreasonable complaints during her residency at Arrowhead Mobile Home Park. *See e.g.,* Defendant's Witness List for Trial (Doc. 110-2), witnesses 1, 4, and 8 (whose depositions included questioning or testimony relating to previous complaints made, or believed by defendants to have been made, by Ms. Salisbury to Arrowhead management, state agencies, or local authorities.) Plaintiff anticipates that defendants intend to offer evidence at trial that Ms. Salisbury made unreasonable or frivolous complaints that bear no relation to Ms. Salisbury's claims of sex discrimination and sexual harassment. Such evidence should be excluded because it is irrelevant, Fed. R. Evid. 402, its probative value is substantially outweighed by the danger of unfair prejudice, waste of time and confusion of the issues, Fed. R. Evid. 403, and it is inadmissible character evidence, Fed. R. Evid. 404.

Based on testimony elicited in depositions of Mr. Crimi, Ms. Hickman, and former Arrowhead manager Roberta Traughber, and in certain documents contained in Arrowhead's tenant records for Space 15, plaintiffs anticipate that defendants may attempt to offer evidence of complaints or problems involving or attributed to Ms. Salisbury, including:

(1) A complaint by Ms. Salisbury about a gas leak at or near Space 15 in 2007 to the California Department of Housing and Community Development ("HCD") and the Ridgecrest Fire Department.

     (2)  A complaint by an unknown resident, attributed to Ms. Salisbury, to the City of Ridgecrest Code Enforcement Department in 2008 about an improperly located and labeled dumpster at Arrowhead.

     (3)  Complaints to Arrowhead management by Ms. Salisbury about cats defecating in her yard and killing baby rabbits in her yard.

     (4)  Complaints to Arrowhead management by Ms. Salisbury about a neighbor annoying her with the use of a leaf blower.

     (5)  A complaint by Ms. Salisbury about the storage of bricks or concrete block in a vacant mobile home space near Ms. Salisbury's home.

     (6)  A complaint to Arrowhead management by Ms. Salisbury in 2012 about a malfunctioning gas meter.

The complaint activity relating to or attributed to Ms. Salisbury occurred over a period of 10 years. In addition, evidence and testimony relating to these complaints indicate that none of them were baseless. With the exception of Ms. Salisbury's complaint about a neighbor's use of a leaf blower at times intended to annoy her, which cannot be objectively verified, all of the complaints made by or attributed to Ms. Salisbury involved actual violations or problems with an objective basis.

     The gas leak incident reported by Ms. Salisbury was made in relation to an actual gas leak and the measures taken to resolve it. Arrowhead management corrected the alleged dumpster violation rather than asserting that the allegation was untrue. Former Arrowhead on-site manager Ms. Traughber indicated that complaints and problems with cats were typical among Arrowhead residents. (Deposition of Roberta Traughber ("Traughber Depo.") at 9:11-19, attached as Exh. 2 to the Declaration of Christopher Brancart filed herewith.) Ms. Traughber also noted that the bricks or concrete blocks at the park were moved from vacant Space 16 to vacant Space 60. (Traughber Depo. at 37:24-38:4.) Finally, Ms. Salisbury's complaint of a malfunctioning natural gas meter – a malfunction that

might have benefited her by not billing her for gas used – involved a defect that warranted replacement of the meter.  (Deposition of Umberto Crimi ("Crimi Depo.") at 23:11-24:25 attached to the as Exh. 7 to the Declaration of Christopher Brancart filed herewith.)

### A.  Evidence of Prior Complaints Unrelated to Sexual Harassment or Sex Discrimination Are Irrelevant.

Ms. Salisbury's prior complaints about conditions at Arrowhead are not relevant to Ms. Salisbury's claims of sex discrimination or sexual harassment. Defendants have, indeed, denied Ms. Salisbury's allegations of sexual harassment and sex discrimination in their answer. (Doc. 11.)  Outright denial is their only principal defense.  Consequently, the sole logical reason for defendants to introduce evidence of prior complaints by or involving Ms. Salisbury would be to support the argument that Ms. Salisbury's history of complaints (1) has a tendency to prove that Ms. Salisbury's allegations are false, or (2) has bearing on the measure of damages occasioned by Ms. Salisbury.  For either purpose, this evidence is irrelevant.

"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Ms. Salisbury's claims against defendants in this case arise from incidents that commenced on March 27, 2012, involving Arrowhead's new on-site manager Mr. Crimi.  During Ms. Salisbury's residency at Arrowhead of more than 10 years, she had occasion to make complaints about common nuisances like outdoor cats and leaf blowers.  Former manager Ms. Traughber noted that other residents complained about these same issues.  In 2007, Ms. Salisbury complained of a more potentially serious safety matter – a natural gas leak – to appropriate regulatory authorities.  Although Arrowhead owner Ms. Hickman considered Ms. Salisbury's

concern to be disproportionate to the dangers associated with such a leak, the response of authorities to the complaint suggests that Ms. Salisbury's complaint was neither imagined nor improper.  In fact, Ms. Traughber indicated that if the matter was "blown out of proportion," it had as more to do with HCD and the Ridgecrest Fire Department than with Ms. Salisbury.

Ms. Salisbury is also said to have complained about what she may have viewed as an unsightly pile of bricks or concrete blocks near her mobile home space.  Ms. Traughber said that the pile was moved in order to make Ms. Salisbury happy.  With regard to the code enforcement notice about dumpsters, Ms. Traughber responded to the code enforcement notice by checking the box indicating that the alleged violation had been cured, not the box claiming that the alleged violation was false.

The only complaint made by Ms. Salisbury during Mr. Crimi's brief tenure as park manager, prior to the incidents that gave rise to this lawsuit, was in connection to a malfunctioning natural gas meter at Space 15.  The consequence of this malfunction was not that Ms. Salisbury might be charged too much for gas, but rather too little.  After discovering this problem, Ms. Salisbury reported it to Arrowhead management.  Mr. Crimi inspected the meter and determined that the meter was defective.  Mr. Crimi replaced the defective meter on March 3, 2013.  Ms. Salisbury responded to the new managers' prompt action by purchasing a small thank-you gift – identification tags for their two dogs – for Mr. Crimi and his wife Shirley Crimi.  Ms. Salisbury did not complain of misfeasance on the part of Mr. Crimi, and the manner in which the problem was resolved does not provide any basis to support the belief that Ms. Salisbury made false allegations because of personal animus toward Mr. Crimi.  To the contrary, Mr. Crimi acknowledged that he had "no idea" of any reason for Ms. Salisbury to be biased against him. (Crimi Depo. at 28:18-29:2.)

//

### B. Complaints made by or attributed to Ms. Salisbury are irrelevant to the issue of emotional distress damages.

Complaints made by or attributed to Ms. Salisbury are also irrelevant to the issue of emotional distress damages occasioned by defendants' alleged conduct. The measure of emotional distress damages awarded to Ms. Salisbury at trial is properly based on the degree to which Ms. Salisbury suffered as a consequence of defendants' various acts and omissions from March 27, 2013, onward. This lawsuit is not about whether Ms. Salisbury was annoyed by cats defecating in her yard, neighbors making noise or dust with a leaf blower, or Arrowhead management's placement of a dumpster or a pile of bricks. It is not even about whether Ms. Salisbury was frightened by a gas leak five years prior. Ms. Salisbury's claim for damages is based only on the extent of her suffering in consequence of Mr. Crimi's sexual harassment and of the remaining defendants' decision to keep Mr. Crimi in a position of power vis-à-vis Ms. Salisbury for nearly 18 months after the Kern County Superior Court determined that there was clear and convincing evidence of Mr. Crimi's entry into Ms. Salisbury's unit and harassment.

### C. Evidence of Prior Complaints Unrelated to Sexual Harassment or Sex Discrimination are Inadmissible Character Evidence.

In a civil case, "[e]vidence of a person's character or a trait of character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except…evidence of the character of a witness." Fed. R. Evid. 404. Reputation and opinion evidence, and specific instances of conduct, may be introduced in relation to a witness' character for truthfulness or untruthfulness under certain conditions. Fed. R. Evid. 608. No such conditions are in play here. The fact that Ms. Salisbury made complaints to management or regulatory authorities about Arrowhead have no bearing on Ms. Salisbury's reputation for untruthfulness. None of Ms. Salisbury's prior

complaints were found to be fabricated or imagined.  Moreover, all available testimony and records support the contention that Ms. Salisbury's prior complaints bolster her reputation for truthfulness.  There was a gas leak.  Cats do defecate on resident's lawns at Arrowhead.  There was an improperly placed or labeled dumpster placed near Space 15.  Although Mr. Crimi had never seen anything like it before in his years of mobile home park management, Ms. Salisbury's gas meter really was running in reverse in early March 2012.  And, most germane here, the Kern County Superior Court found clear and convincing evidence supported Ms. Salisbury's allegations of harassment against Mr. Crimi.

In addition to admission of character evidence relating to a witness' reputation for truthfulness of untruthfulness, the Federal Rules of Evidence provide for admission of character evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  That Rule provides no basis for the introduction of Ms. Salisbury's prior complaints unrelated to sexual harassment.  With the exception of the "backwards running gas meter report," Ms. Salisbury's other complaints were made years before Mr. Crimi became the Arrowhead manager.  In addition, none of these complaints – whether individually or collectively – offer proof of motive, intent, or other purpose for which such evidence might properly be admitted.

**II. Conclusion**

The only basis for introducing evidence of prior complaints made by or attributed to Ms. Salisbury would be to instill in the jury a belief that Ms. Salisbury is a chronic complainer.  Plaintiff not only challenges the veracity of such a claim – leading to the consumption of court time in disputing the version of events leading to the complaint as described by defendant; she also asserts that it has no bearing on whether defendants are liable for sexual harassment and discrimination in violation of federal and state laws.

1  For these reasons, evidence of prior complaints by or attributed to Ms. Salisbury should be excluded.

Dated: November 12, 2013.

                                                Respectfully submitted,

GREATER BAKERSFIELD LEGAL ASSISTANCE
BRANCART & BRANCART

*/s/ Christopher Brancart*

Christopher Brancart
cbrancart@brancart.com
Attorneys for Plaintiff

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on November 12, 2013, I served by email via the Court's ECF system a copy of the attached document, entitled **PLAINTIFF'S MOTION IN LIMINE NO. 2 BARRING EXAMINATION OR ARGUMENT THAT SALISBURY MADE UNREASONABLE COMPLAINTS NOT RELATED TO SEXUAL HARASSMENT** upon the following attorneys:

James J. Braze
Borton and Petrini Stockdale Tower
5060 California A venue Suite 700
Bakersfield, CA 93309
Phone: (661) 322-3051
Fax: (661) 322-4628
E-Mail: jbraze@bortonpetrini.com

Mark A. Roy
Greater Bakersfield Legal Assistance
615 California Ave.
Bakersfield, CA 93304
Phone: (661) 334-4679
Fax: (661) 325-4482
Email:   mroy@gbla.org

*/s/ Christopher Brancart*